UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**CHARLES TRUMBULL, et al.,**
**Plaintiff,**

v.                                                                                            **CIVIL NO. 05-1462 (DRD)**

**SEÑOR FROGGS DE LA ISLA, INC.,**
et als.,
**Defendants**

**ORDER**

      Pending before the Court is the appearing co-defendant, Señor Frogg's de la Isla, Inc., *Motion to Set Aside Entry of Default* (Docket No.8). Co-defendant moves to set aside the entry of default entered against him by the Clerk of the Court on August 15, 2005 (Docket No. 7) and requesting leave to file the tendered at Docket Entry No. 9. As of this date, Co-defendant's motion remains unopposed hence pursuant to Local R. 7.1(b) Plaintiff's objections are deemed waived.

      The relevant procedural background of the instant case reveals that the Co-defendant was served and that on July 12, 2005, defendant requested an extension of time of thirty (30) days to file its answer to the complaint (Docket No. 4). On July 13, 2005, the Court granted defendants until August 12, 2005 to file its responsive pleading (Docket No. 5). On August 14, 2005, the Court ordered plaintiffs to move for Entry of Default (Docket No. 5) and on that same date, plaintiffs filed their motion in compliance with Court's Order (Docket No.6). Finally, the Clerk of Court entered default on August 15, 2005 (Docket No. 7). Defendant moved to set aside the entry of default on August 16, 2005 (Docket No. 8) and tendered its answer to the complaint (Docket No. 9).

      The Co-defendant, in its motion for relief of entry of default avers that due to several prior commitments in counsel's "extremely complex and crowded professional" calendar relating to other civil cases before this District Court and in the local state court during the week commencing on August 8, 2005 and ending on August 12, 2005, counsel was unable to file its responsive pleading. In addition, counsel sustains that there were "extremely medical circumstances" which required medical care. In summary, the Co-defendant's counsel avers that its client should not be penalized and be able to present and fully litigate any defenses it has against plaintiffs claims as well as the filing of any other third party action entitled to filed against any entity which may be liable to defendant or directly to plaintiffs for the matters as alleged in the complaint. The Court has examined relevant case-law and pursuant to Coon v. Greenier, 867 F.2d 73 (1st Cir. 1989) the Court deems that the Entry of Default against Señor Frogg's de la Isla, Inc., shall be **SUSTAINED** and Defendant shall remain in Default albeit **without prejudice** as to proper following of the Coon doctrine as herein set forth.

      At the outset, Rule 55(c), Fed.R.Civ.P., provides that the Court may set aside an entry of default for "good cause" shown. This standard of review requires that the movant provide "an explanation for the default or to give reasons why vacation of the default entry would serve the

interests of justice". 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d, West Group, §2696, p. 141, (1988). Likewise, it is well known that in determining whether or not to set aside an entry of default, the court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented. Coon v. Greenier, 867 F.2d at 76. The Court may considered other factors such as the proffered explanation for the default, the good faith of the parties, the amount of money involved, and the timing of the motion. Id. However, the affirmative demonstration of a meritorious defense is not expressly called for by the federal rules and, therefore, the nature of the showing necessary to vacate the entry lies within the Court's sound discretion. Wright, Miller & Kane, §2697, p. 162.

The Court has examined the totality of the circumstances as to the instant request and notes several facts that operate against moving the Court's discretion to grant the Co-defendant's request.[1] Firstly, the movant has failed to provide a showing of its alleged "meritorious defense". It should be noted that a vast number of courts have rejected general denials or conclusory statements that a defense exists, rather courts have insisted upon a presentation of some factual basis for the proffered meritorious defense. Wright, Miller & Kane, §2697, p. 160. (Citations omitted). The "meritorious defense" component requires that the movant's averments "plausibly suggest the existence of facts which, if proven at trial, would constitute a plausible defense". Coon v. Greenier, 867 F.2d at 77. Counsel for Co-defendant averments fails to meet the threshold required.

In his motion for an extension of time, Attorney James Toro cites as an extenuating circumstance the fact that he had two proceedings taking place at around the time of the deadline to respond to the motion in question. The Court understands that there are many elements that need to be juggled in the management of a successful legal practice, but the Court should not be expected to deal with the consequences associated with an attorney's dropping of a juggling pin. *See*, Velez v. Awning Windows, Inc., 375 F.3d 35 at 40(1st Cir. 2004): "[T]he fact that counsel may have bitten off more than he could chew does not exempt him from meeting court-appointed deadlines." *See* Mendez v. Banco Popular, 900 F.2d 4, 6-7 (1st Cir.1990); *see also* Pinero Schroeder v. FNMA, 574 F.2d 1117, 1118 (1st Cir. 1978) (per curiam)(Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences). While a healthy caseload can signal a thriving legal practice, attorneys must keep in mind that it is they that have to fit the court into their schedules, and not the other way around. Finally, the Court reminds the parties that having too many cases to handle is not an excuse to fail to comply with this Court's Order. The Court, consistently, has refused to accept such excuses. See. Méndez v. Banco Popular de P.R., 900 F.2d 4,8 (1st Cir. 1990); Pinero Schroeder v. FNMA, 574 F.2d 1117,1118 (1st Cir. 1978). "The fact that an attorney has other fish to fry is not an acceptable reason for disregarding a court order". Chamorro v. Puerto Rican Cars INC, 304, F.3d 1, 5 (1st Cir., 2002). This mandate to the undersigned means: "Too many fish to fry is no excuse to fail to comply".

For the reasons stated herein, the Court hereby **DENIES** albeit **WITHOUT PREJUDICE** Co-defendant, Señor Frogg's de la Isla, Inc., *Motion to Set Aside Entry of Default* (Docket No.8). Likewise, the Court **INSTRUCTS** the Clerk of the Court to **STRIKE** Co-defendant, Señor Frogg's

---

[1] The Court accepts that the timing factor favors the lifting of the Default. (Request to lift filed the day after the Entry of Default.)

de la Isla, Inc., *Tendered Answer to the Complaint* (Docket No. 9), **STRIKE** co-defendant's *Motion Seeking Leave to File a Third Party Complaint* (Docket No.10), and **STRIKE** co-defendant's *Motion Tendering Third Party Complaint* (Docket No. 11).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of October 2005.

                                        **S/DANIEL R. DOMINGUEZ**
                                        **DANIEL R. DOMINGUEZ**
                                        **U.S. DISTRICT JUDGE**